JOHN BLACK'S ADMX. *v.* MARION COUNTY DISTILLERY CO.

[Abstract Kentucky Law Reporter, Vol. 5—929, 933, as Black's Admr. v. Marion County.]

**Joinder of Parties Defendant.**

> When one sues a corporation and also its officers for wilful neglect and is required to elect whether he will proceed against the officers or the corporation, this court is not required to decide whether there was error to require plaintiff to elect where the proof fails to establish any cause of action against either.

**Evidence.**

> It is not error, after the evidence is concluded, for the court to refuse to permit a witness to be recalled to testify that after the injury by the explosion of a boiler the superintendent had told the witness that the company knew the boiler was unsafe and induced the injured employe to continue to use it by promising him to repair it, for the narration was not a part of the res gestae.

**Wilful Neglect.**

> One can not recover against a corporation for wilful neglect in having operated a defective boiler when it is not shown that the company knew of such defect or was guilty of wilful neglect in not ascertaining it.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

May 3, 1884.

OPINION BY JUDGE HINES:

The questions presented are whether the court erred, first, in compelling appellant to elect whether he would proceed against the corporation or against the individual members who were jointly sued with the corporation; second, in rejecting certain testimony, and third, in giving a peremptory instruction to find for appellee upon the ground that there was no evidence of wilful neglect to go to the jury.

On the first point it is unnecessary to decide whether under any circumstances the corporation and its members individually may be joined in an action for wilful neglect, since there is nothing to indicate that appellant was prejudiced by his compulsory election to proceed against the company, as there was no cause of action

made out against either the one or the other and the proof on the allegations of the petition would be competent against either.

On the second point the complaint is that the court erred after the evidence was through, in not permitting a witness to be re-called to testify that some time after the injury by the explosion of the boiler the superintendent had told the witness that the company knew the boiler was defective and induced the deceased to continue to run the engine under the promise to repair it. The ruling was correct, first, because under the circumstances of this case the evidence should have been offered on the examination of the witness; and second, the evidence was incompetent. It was not a part of the res gestae, was merely narrative and the party alleged to have made the statement was himself a competent witness.

On the third point, we think there was no evidence of "wilful" neglect on the part of the company. There is no evidence tend-ing to show that the company knew of any defect in the boiler, but it is on the contrary shown that at the time the boiler was purchased and placed in position it was represented by a skilful boiler-maker, from whom it was purchased and who placed it in position, to be perfectly sound. There is no evidence to show that there was even a latent defect, but if there was a defect either then or afterwards the evidence does not show that the company knew it or was guilty of wilful neglect in not ascertaining it. If there was a defect it has been shown to have occurred while the engine and boiler were under the exclusive control of the deceased, a skilled engineer, and who knew of the defect. We feel it is unnecessary to discuss the evidence in detail, but that it is only necessary to say that there is no evidence of wilful neglect on the part of the company.

Judgment *affirmed.*

*Rodman & Brown, for appellant.*

*A. Barnett, for appellee.*